Good morning, Your Honors. Marta Van Landingham from the Federal Public Defender's Office, appearing on behalf of Appellant Steve Romero. I'd like to reserve two minutes for rebuttal. I'll try to keep an eye on the phone. All right. Thank you. And could you keep your voice up, please? It's a little difficult to hear you. Yes. All right. Thank you. Feel free to adjust the microphones, too. Yes. Is that better? Yes. Okay. And I'll try to keep my voice up. Now, this is a very rare case in which we have a juror who admits repeatedly and without contradiction to being biased against the defendant and to being unable to render a fair verdict in the case, but yet ends up being seated on the jury that reaches a verdict and convicts Mr. Romero. Now, most cases that look at juror bias are exploring implicit bias. There are cases in which the bias wasn't certain, in which there were contradictions, in which there were rehabilitations, and so they generally look at procedures by which the court can determine whether or not there was actual bias. So, counsel, in this case, the procedural posture of the case is important. So, could you tell me how the case went through the state court and whether you think the state court rendered a decision on the issue in state court? Because, to me, this case turns on whether or not we have the habeas standard or whether or not it's de novo review. Yes. The client, of course, unrepresented, as most non-capital habeas clients are, submitted a petition first in the Superior Court and then in the Court of Appeals and then finally in the California Supreme Court, in which he submitted all of the three claims at stake here fairly fully developed. The initial due process claim was about five pages. The others were a couple of pages, each with direct citations to the record as well as citations to federal law, and the two lower courts denied it, and the California Supreme Court rendered a decision basically on denial, citing to Ingray, Swain, and People v. Duvall. Was that a decision on the merits? No, Your Honor, it was not. It was a procedural default. Was it procedural default or procedural denial? It was a procedural default. Basically, the cases, Swain stands for the proposition that the case is insufficiently pleaded, and Duvall stands for the proposition that the case is insufficiently supported by the evidence. But wouldn't he have the opportunity to remedy those defects, and how can it be a procedural default if he can go back and remedy those defects? Wasn't he given the opportunity to replead those? First of all, such an opportunity is a little bit empty because had he gone back and repleaded them, they would have been rendered untimely, and that is why the federal courts have said that those are actual procedural defaults. Now, what case or what provision of California law are you referencing when you say they would have been rendered untimely if he had gone back? Well, first of all, this is something that the respondent has stated. In his answer, he would have argued had that been the case. So it is not that that timeliness bar was actually issued by the California Supreme Court, but there's a very good chance it would have been or at least would have been argued later. Well, but can we use that to say there's a procedural default if we don't know whether or not it would have been deemed untimely? Well, the cases themselves say that they are procedural cases. Procedural, but there's a difference between denial on a procedural basis and procedural default where the litigant is out of court. Right. At this point, though, Your Honor, we are here in federal court, so it does become an issue, two separate issues, actually, of exhaustion versus default. Right. The exhaustion question comes in with the respondent's argument that if a case is insufficiently pleaded, then it is not sufficiently before the state court for it to meet the exhaustion requirement. But the problem I have with that position is that then the system can be manipulated because the petitioner does have the option of going back to state court and repleting it as opposed to leaping to federal court. Your Honor, if the bar, however, is improperly applied, then the question is who is sort of gaming the system here. If the bar is applied by the state courts to knock the claims out of their courts or to sort of put unnecessary loops because they're clearly not actually warranted, then returning to them also becomes moot under that idea. But at this point, is there anything that prevents him from going back to state court to represent his claim, or is he now time barred from doing so? Now he would certainly be time barred by the California Supreme Court. And as I mentioned, the respondent has represented that he would argue that, should we then return back with that bar. So to me, that's manufacturing a procedural default to get into federal court. Because if the litigant had the opportunity to go back to state court, if the state court denies without prejudice and the petitioner elects not to replete, to me that's manufacturing procedural default. And I would look at that as a procedural denial as opposed to a procedural default. I understand, Your Honor. But if that procedural denial is itself unfair because it is unwarranted, then the question is, is it really a denial or is it a default? Because if somebody presents a claim as fully as is practicable and is still told that they will not look at it on the merits because it doesn't meet a procedure, which it has met. So your argument is pro se. He presented what he had to demonstrate the bias of the juror, right? He selected the relevant portions of the transcript and submitted it to show the California Supreme Court that this juror said that he was biased. And so I can rest on that record. That's your argument. He presented more than enough. Right. So let's say that we agree with you that the claim was fairly presented to the state court. What remedy are you seeking at this point? Is it a remand for an evidentiary hearing? Is it a grant of the petition? What are you asking for? I am asking for relief because as. . . What kind of relief? Habeas relief, basically overturning of the conviction. Granting the petition. And if the state court wants to retry him. But how can we do that when the record reflects that counsel represented to the court that there was a tactical decision to keep this particular juror? So it wasn't a situation where you have a juror who says, I'm biased. I can't be fair. I've got all of these experiences. And then counsel is silent. And now we're wondering, well, why in the world would you keep a juror who makes those sort of statements? Here you have an affirmative representation by counsel. I'm aware and have in mind all of the answers. I want this juror to sit on my jury. So what do we do with that? There are a number of errors that occurred here. I mean, for a tainted juror, a biased juror, to sit on a jury, a lot has to go wrong. And so that means that this court has a lot of different avenues by which it can grant relief. One of them is, oh, I have the orange light, IAC in which the argument is whether or not attorney represented he had a tactical reason, there is no tactical reason that can outweigh the fact that you are putting on the jury somebody who's going to automatically. . . You're assuming that the attorney accepted the juror statements at face value, right? Because we weren't there. We don't know what the attorney's assessment was in terms of demeanor, how he responded as compared to other jurors. So the attorney may very well think, well, you know, given these facts and the evidence that I expect the state to present in this case, I think that the juror with this background, despite what he says, is a better juror for me than the other folks sitting in the pool. So we weren't there to make those sort of assessments that are based on demeanor and the way that the juror may have responded to questions. So how can we outright say that because of the cold record, the juror represented that he was biased, that he in fact must have been biased? That is correct, Your Honor, but the trial court judge was there, and he very clearly did believe the juror was biased. He restated several times. So is your argument that the trial judge had a sua sponte responsibility to remove the juror despite the wishes of the attorneys to have the juror seated? Yes, Your Honor. So to me, the answer to that question depends on whether we are on de novo review or habeas review. Because is there a Supreme Court case that obligates a judge to sua sponte remove a biased juror? I mean, you could go all the way back to the Sixth Amendment itself and to the case laws that talk about, you know, the judge's duty to ensure a fair trial. But the Supreme Court has told us we have to rule at a level of specificity. Correct, Your Honor. Is there a case that says a judge has a sua sponte obligation to remove a biased juror? No, Your Honor. There is a circuit split on that, and to this date, this court itself has only strongly suggested there should be a sua sponte duty. But it has not yet found, and there is no clearly established federal law. So you're saying that if we apply the more deferential standard that there would be no clearly established law and we therefore couldn't grant the relief that you seek? Well, no. If we give de novo review, which I think is merited here, then certainly we can, that law would not be a problem for the circuit. But if you don't get it, is my question. If I don't get it, well, we still have ineffective assistance of counsel in Strickland, which is clearly established federal law. And the fact that there was no possible reasonable tactical consideration that would have outweighed putting a biased juror on the panel. All right. Thank you, counsel. You've exceeded your time, but we helped you do it, so we'll give you a minute for rebuttal. Thank you very much, Your Honor. All right. May it please the Court. Vincent LaPietra on behalf of Respondent. State court denied these claims on the merits. Its citation to Duvall stands for the proposition that the petitioner failed to attach reasonably available documentary evidence. The difference between a silent denial. What reasonable documentary evidence could he have presented other than the transcript of the juror saying, I'm biased, I can't be fair? Well, this petition consisted of this claim that the trial court should have dismissed the juror that counsel was ineffective and that appellate counsel was ineffective. And all three of those claims were presented, and there was no documentary evidence such as a declaration from the petitioner, from a juror, from the trial counsel. But why would you need more than the transcript of the juror actually repeatedly saying in both a questionnaire, then after being asked by the judge, I can't be fair? I mean, what else would you need besides the transcript and the record? Well, because that transcript doesn't actually establish a prima facie case of juror misconduct. As we noted in our brief, one way of looking at it was that the juror was being disingenuous. But on further review, it appears another reasonable interpretation is that the juror was being extremely honest and wanted counsel to know that perhaps he wasn't the best type of juror for this case. And that's certainly understandable. He said that he had been the victim of a crime, and typically the victim of a crime isn't going to be a defense-friendly juror. But in this case, the court and counsel knew that the defense was going to be that the shooting occurred because the victim was a bully, and that the victim was bullying the defendant, and therefore… Why would it matter what the basis was for the impartiality or bias? Let's just say that my experience was I walked outside, I don't like flowers, and therefore I don't like gardeners, and so I can't be fair to gardeners. Does it really matter what the reason is for the explicit bias? Are we supposed to look into the feelings or thoughts of a juror to figure out whether or not, even though they say they can't be fair, really they could be fair because of the reason they give? Yes, Your Honor. As we noted in our brief, a juror's self-assessment does not control. And in this case, the juror really only said most likely not when asked if he could put aside his previous experiences growing up in the neighborhood. He said most likely not. As I said, him attempting to be earnest and conscientious could have demonstrated, and likely demonstrated, that he was trying to give the defendant a fair shot. And so court and counsel sitting there looking at him were in the best position to assess this. Counsel, as a procedural matter, was it theoretically possible for the petitioner to go back and replete this case with additional information after the Supreme Court decision? Theoretically, yes, Your Honor. The petitioner can always go back. There's a section in the state form that asks to explain delay. He can always explain why he's back or what took him time to obtain documentary evidence or other reasons for not presenting it earlier in court. Was there anything in the record that would indicate to this pro se litigant that, in fact, that was the opportunity that he had based upon the Supreme Court's decision? That's difficult to say, Your Honor. In Swain... There's a one-word decision by the California Supreme Court. Well, it says petition is denied, Swain, Duval. And Duval stands for the proposition that failed to attach reasonably available documentary evidence. I would submit that the ability to return to the state court and replete is somewhat distinct from the fact that... or the basis for the denial, meaning that unless and until he does so, the state court has denied this on the merits. For the same reasons that, say, a district court would deny a claim as cursory, these claims were denied as cursory unless and until he repletes and gets a different... without prejudice, in essence. Courts have looked at it without prejudice in the past. In Kim v. Villalobos, that was their discussion about exhaustion. But in that case, they determined that the claims were exhausted because they were fairly presented. But they did note that if a claim would not be considered fairly presented within the meaning of the federal law, then it is not exhausted. So if we decide that, like Kim v. Villalobos, that the petitioner here presented what he had, what he reasonably had to demonstrate juror bias, the transcript of the juror statement, would this also be fairly presented? We did not dispute that ruling by the district court, although the district court didn't exactly identify which claims it determined to be fairly presented. We did not dispute that for the reasons I stated, that unless and until they replete and get a different decision, this was denied as cursory. And that is a decision on the merits. But what if we say there's nothing else he can give the court, that he gave everything, and so any further requirement to return to the state court is excused? Where are we then procedurally? Well, if you found it to be exhausted and that there is nothing else to give to the state court, I think that's sort of difference without distinction because that would, even under de novo review on the record here, he cannot prevail. It would be a cursory claim. But that would take us to de novo review is your answer? I believe so. And let me ask the question, why wasn't there a waiver of the argument regarding the deferential standard since it wasn't raised at the federal district court level? Well, because our position is that in Ray Reno, the 2011 Supreme Court case, which came out after that, changed or clarified our view that this type of a denial is on the merits. So you didn't raise the affirmative defense of exhaustion and you didn't raise the affirmative defense of procedural default? We did, I believe, raise the affirmative defense of exhaustion, and that's what the court's analysis under Kim V. Villalobos was. So they did discuss exhaustion. And after that, the California Supreme Court decided in Ray Reno where it said, we do not accept conclusory allegations, and it cited Swain Duvall, the same citation that was given in this case. But you didn't raise it in your appellate brief, exhaustion. You said exhaustion is not an issue, as I remember. Yes, that's correct. I said that exhaustion is separate and distinct from the basis for the state court's denial. Bottom line is exhaustion was not discussed in your brief to us, so that's not an issue that you can rely on at this point. Yes, and I am not asserting it is unexhausted. I'm asserting that it is denied on the merits by the California Supreme Court as cursory. And even under de novo review for that reason, the claim fails because petitioner would have to show such extreme bias before the court that it would be constitutionally required to dismiss this juror. What about the cases that say a judge has a sua sponte obligation to release a biased juror even if the attorneys don't object? What about those cases under de novo review? Those cases are circuit precedent, I believe. The Ninth Circuit case Mitchell cited in this case didn't actually decide that. It assumed it without deciding it and said in plain error, that's not the case even here, where similarly the juror said, I don't think I can be... But under de novo review, we can reach that decision if we're persuaded that the other circuits and the discussions we've had in the Ninth Circuit lead us to that conclusion. That's probably true, Your Honor. So this goes back to the issue of the Swain-Duvall issue. And I just wanted to clarify with you again, what else could have been presented that wasn't presented? Because it seems that that's also an issue that we have to deal with in terms of the fact that the petitioner appeared to, and represented himself pro se at the state level, at Habeas level, presented as much as possible. So what further information could possibly have been presented? Well, there could have been declarations from jurors saying that this juror was biased. There could have been a declaration from trial counsel saying that evincing some sort of bias later on. These statements during voir dire that were clearly not taken at face value was insufficient. Well, you argued that you can't take the statements at face value. What about counsel's reference to the trial court's evaluation of the juror's bias? Because the judge was there. What do you make of that? I'm sorry, Your Honor, I don't... The trial judge made comments regarding juror number seven's bias. Yes, the trial court asked the trial attorney, defense attorney, for reasons why he did not dismiss, because he recognized potentially an issue. He said this is a bit unusual and decided to make a record of it. That doesn't necessarily mean that he believed the juror or thought that the juror should have been dismissed, but merely, again, that the trial court... Well, he evaluated the juror's bias and said clearly this juror was a problem, and you knew from the beginning that the juror was a problem based on all of his answers. So as I understand it, counsel's argument is that the trial judge was there, was able to evaluate demeanor, and clearly thought juror number seven demonstrated bias, but because counsel chose not to challenge for cause, the juror wasn't excused. No, Your Honor. Trial court can remove a potential juror for cause without the assent of counsel. So if he really believed that this was a problem juror, he would have removed him for cause. But he said after the motion for mistrial, after juror number three is excused for language issues, doesn't the trial judge actually say, we knew we had a problem with the partiality of juror number seven. How much clearer a statement can a trial court make about knowledge from the trial court about the sort of partiality of a particular juror than that? Well, he could dismiss a juror for cause. So your argument is if the trial judge was persuaded that despite the concession of the attorneys, the jury could not serve, he would have sua sponte removed him. Yes, Your Honor. If the judge felt that strongly. Is there a case in California that talks about Swain Duvall and whether or not that's a decision on the merits? Does a case in California help us to elucidate the effect of that? No, Your Honor. The closest would be in Ray Reno where the court used Swain Duvall's sites to dismiss certain allegations or reject certain allegations. I see that I'm over my time. All right.  Thank you, Your Honor. We have a minute for rebuttal. I'd like to get right to Your Honor's concern concerning the earlier denials. Reno does not in any way go to the proposition that Swain and Duvall are on the merits. And what happened in Reno was that there was an allegation raised in the introduction to the petition saying that all these errors should be taken cumulatively that was later represented as a cumulative claim. And that said that that one statement in the introduction was not enough under Swain and Duvall. So that's a very different situation than we have here. And within Reno, it's cited to a Texas law saying that this sort of insufficient allegation is not a merits review. And how would you respond to the issue with respect to the procedure, the waiver of the procedural default argument that counsel raised? Yes. Counsel did not. The law requires that procedural default arguments in federal court be raised at the first opportunity to respond, which is in the answer, and it wasn't raised there. And we have to look at Swain and Duvall, whether they were fairly applied ourselves. And in this case, with five pages, nothing else that they could have been. I mean, for example, the client didn't even have access to the juror identities, much less could he seek an adjustment. But you're asking us to second-guess the procedure of the California courts, and that's something on habeas that we generally don't do. Yes, Your Honor, but when it's this clear, when there was so much sufficiency of the pleadings, and yet it was lobbied, you know, we can... It's not clear to me that there isn't more that could have been done. I hesitate to put myself in the shoes of the California Supreme Court to say, if the court says there was more that needed to be pled, that I say the California court was unfair in requiring more to be pled. I'm not exactly comfortable doing that. I understand. And I'll ask you, though, if possible, to review pages 52 to 57 of the ER for the first claim, as well as, let's see, where are they, 77 to 78 and 80 to 81, and look at whether a prisoner who is in prison without access to juror names, much less anything else, could possibly have included more to establish these claims. All right. Thank you, counsel. Thank you very much, Your Honors. Thank you to both counsel.
judges: Boulware, Rawlinson, Nguyen